IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EL DORADO SCHOOL DISTRICT                                                    PLAINTIFF/COUNTER-DEFENANT

v.                                                  Case No. 1:21-cv-1031

K.J., *by and through his Parent, K.J.W.*;                        DEFENDANTS/COUNTER-CLAIMANTS
K.J.W.                                                                                      /THIRD-PARTY PLAINTIFFS

v.

SHAWN LAMKIN                                                                        THIRD-PARTY DEFENDANT

## ORDER

Before the Court is Defendant K.J.'s ("Student") Motion to Dismiss for Lack of Jurisdiction. ECF No. 37. Plaintiff El Dorado School District ("EDSD") has responded. Defendant has replied. ECF No. 42. The Court finds the matter ripe for consideration.

## BACKGROUND

On June 30, 2021, EDSD filed this action pursuant to the Individuals with Disabilities Act, 20 U.S.C. § 1400 *et seq*. ("IDEA"). ECF No. 1. EDSD sought to reverse the June 14, 2021 decision of a Hearing Officer with the Arkansas Department of Education ("ADE") that found EDSD had failed to comply with the requirements of IDEA. ECF No. 1-1. The Hearing Officer's decision occurred in response to a due process claim filed with the ADE by KJW on behalf of Student.[1] *Id*. KJW argued that the EDSD violated the IDEA by failing to create individual education programs for Student and by removing Student from special education. *Id*. at p. 2-3. The Hearing Officer ordered EDSD to conduct a comprehensive evaluation of the Student and to

---

[1] KJW initiated the first due process complaint on July 22, 2020, and is labeled as Case "ADE H-20-29." ECF No. 1-1, p.1 n.1. KJW filed two subsequent due process complaints, which were addressed in the same final decision by the ADE Hearing Officer for the sake of judicial efficiency. *Id*. at p. 1 n.2. The Hearing Officer found in favor of EDSD for the two subsequent due process claims. *Id*. at p. 47.

provide fifty (50) hours of compensatory education during the upcoming school year outside of the normal school day. *Id*. at p. 45-47.

EDSD brought this action against Student under its right to challenge the final decision of the ADE Hearing Officer in federal court. *See* 20 U.S.C.§ 1415(i)(2). EDSD alleges that it sufficiently adhered to the IDEA and that the Hearing Officer erroneously focused on the Student's educational outcomes instead of EDSD compliance with the demands of the IDEA. ECF No. 1, p. 5-8. EDSD also contends that the Hearing Officer's requirement to conduct the evaluation by July 15, 2021 was impossible because such an evaluation requires classroom observation and the school year would not begin until after the deadline. *Id*. at p. 8-9. EDSD asked the Court to reverse the Hearing Officer's finding that EDSD failed to adhere to the IDEA and reverse the Hearing Officer's orders for a comprehensive evaluation by July 15, 2021 and 50 hours of compensatory education. *Id*. at p. 9-10.

On July 27, 2021, Student filed counterclaims against EDSD. ECF No. 13, p. 9-11. Pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)., Student sought attorney's fees as the prevailing party in the IDEA proceeding giving rise to EDSD's appeal. Student also brought claims under Title II of the Americans with Disabilities Act ("Title II"), 42 U.S.C. § 12132, and under § 504 of the Rehabilitation Act ("§ 504"), 29 U.S.C. § 794(a). Student alleges that EDSD acted with bad faith or with gross misjudgment when it failed to adhere to the IDEA. Student asserts that "[t]he facts supporting these allegations are sufficiently described in the [Hearing Officer]'s decision[.]"

EDSD later sought a preliminary injunction to stay enforcement of the Hearing Officer's decision pending the outcome of its appeal in this Court. ECF No. 9. Student also sought a preliminary injunction to order EDSD to comply with the Hearing Officer's directive to pay for and conduct and independent evaluation of Student. ECF No. 14. On October 26, 2021, the Court

denied EDSD's request and granted Student's request that EDSD pay for and cooperate with a comprehensive evaluation of Student.[2]  ECF No. 27.  On November 8, 2021, the Court chose Tyler Crittenden to perform the independent evaluation of Student.  ECF No. 26.

On May 9, 2022, Student and KJW filed "supplemental" counterclaims against EDSD and third-party claims against EDSD employee Shawn Lamkin ("Lamkin").  ECF No. 31.  Student sought to "include acts and omissions" that occurred since Student filed their initial counterclaims.  Tyler Crittenden had now evaluated Student pursuant to this Court's order.  In further support of the Title II and § 504 claims, Student alleges that the EDSD and Lamkin exhibited bad faith or gross misjudgment when they departed from Mr. Crittenden's recommendations that Student be eligible for special education services.  Student filed another IDEA due process claim regarding EDSD's latest determinations and subsequently prevailed.[3]  *Id*. at p. 102-104.  Student seeks attorney's fees for prevailing on that additional IDEA due process claim.  Student also adds a claim pursuant to 42 U.S.C. §1983 against Lamkin in her individual capacity for retaliating against KJW and Student for engaging in protected First Amendment activity.

On December 6, 2022, Student filed the instant motion to dismiss.  ECF No. 37.  Student argues that EDSD's IDEA claim is now moot and that the Court lack's subject matter jurisdiction over that claim.  EDSD responded in opposition, arguing that its claim is still live because of Student's counterclaims.  ECF No. 39.  Student replied, arguing that the counterclaims are irrelevant to the mootness of EDSD's appeal claim.  ECF No. 42.

---

[2] The Court denied Student's request that EDSD pay for an evaluation previously performed by an evaluator unilaterally chosen by Student.  ECF No. 27, p. 12.
[3] This is ADE Case H-22-25.  ECF No. 31, p. 71.

**DISCUSSION**

Student argues that EDSD's claim is moot because the Court can no longer grant EDSD the relief it seeks. ECF No. 38, p. 2-4. Student notes that the evaluation ordered by the Hearing Officer for the first IDEA due process complaint has now been conducted. Student also attaches correspondence between counsel and EDSD personnel (ECF No. 37-1) that indicates that EDSD has compensated KJW and Student for the 50 hours of extra tutoring obtained for Student. Therefore, Student contends that all directives of the Hearing Officer have been fulfilled by EDSD and that EDSD can no longer obtain any relief related to its IDEA appeal claim. Student concludes that EDSD's claim is moot and that the Court must dismiss that claim for lack of subject matter jurisdiction.

In response, EDSD argues that Student's counterclaims against EDSD creates a live controversy related to its claim. ECF No. 39. Citing *Lawrence Cnty. Sch. Dist. of Lawrence Cnty., Ark. v. McDaniel*, Case No. 3:17-CV-00004 BSM, 1018 WL 1569483 (E.D. Ark. Mar. 30, 2018), EDSD contends that Student's Title II and § 504 counterclaims are "ancillary" to EDSD's IDEA complaint and thus maintain EDSD's complaint as a live case.

In reply, Student cites to *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) to argue that the only relief EDSD could obtain from this Court's review of its IDEA claim is an award of attorney's fees, which is inadequate to confer standing. ECF No. 42.

The Constitution limits a federal court's jurisdiction to "actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quotation omitted). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Id*. at 338. To have standing to sue, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged

4

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citation omitted).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Davis v. Morris-Walker, LTD*, 922 F.3d 868, 870 (8th Cir. 2019) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Mootness can be viewed as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quotation omitted). When issues in a case "lose their life" because of changed circumstances and a court can no longer grant relief, the case is moot and a court must dismiss for lack of jurisdiction. *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005) (citation and quotation omitted). "Resolution of the mootness question requires attention to the particular circumstances of the case." *Hawse v. Page*, 7 F.4th 685, 692 (8th Cir. 2021).

A school district's appeal of a state agency's IDEA ruling can become moot if the school district has performed all actions directed by the state agency and thus can no longer achieve any relief in the district court. *See Jefferson Cnty. Bd. Of Educ. v. Bryan M*, 706 Fed App'x. 510, 513 (11th Cir. 2017) ("Because federal courts cannot untrain staff members or undevelop an IEP, neither the district court nor this Court can provide the Board with any relief."). However, the court in *McDaniel* determined that certain counterclaims could sustain an otherwise moot IDEA appeal. 2018 WL 1569483, at *1. The *McDaniel* court reasoned that a student's Title II and § 504 counterclaims were "ancillary" to the school district's IDEA appeal and required evaluating the school district's claim on the merits. *Id*.

5

The Court agrees with the reasoning in *McDaniel*. Accordingly, the Court finds that Student's counterclaims prevent EDSD's IDEA appeal claim from being moot. Student asserts that part of the basis for his Title II and § 504 counterclaims is the factual record underlying the ADE decision for Student's first IDEA due process claim. ECF No. 13, p. 10. Analyzing that record would also be required to evaluate the merits of EDSD's IDEA appeal claim. Because Student's counterclaims functionally require an evaluation of EDSD's IDEA claim, those claims are "ancillary" to EDSD's claim and keep it from being moot. *See McDaniel,* 2018 WL 1569483, at *1. Accordingly, the Court continues to have subject matter jurisdiction over EDSD's IDEA claim.

## CONCLUSION

For the reasons stated above, the Court finds that Student's Motion to Dismiss for Lack of Jurisdiction (ECF No. 37) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 28th day of September, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge